**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS JIMENEZ HERNANDEZ, | No. 22-540 |
| Petitioner, | Agency No. A206-236-884 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2023**
Seattle, Washington

Before: HAWKINS, CALLAHAN, and BRESS, Circuit Judges.

Jose Luis Jimenez Hernandez (Jimenez), a native and citizen of Mexico,

petitions for review of a Board of Immigration Appeals (BIA) decision dismissing

his appeal of an Immigration Judge (IJ) order denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

(CAT). We review the BIA's decision for substantial evidence. *Sharma v.*

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      Jimenez has not shown that he is entitled to asylum. "To qualify for asylum, an alien must demonstrate by clear and convincing evidence that the alien's application for asylum was 'filed within 1 year after the date of the alien's arrival in the United States.'" *Al Ramahi v. Holder*, 725 F.3d 1133, 1134–35 (9th Cir. 2013) (quoting 8 U.S.C. § 1158(a)(2)(B)). An alien can obtain an exemption from the 1-year time bar by showing either (1) "changed circumstances" affecting his eligibility or (2) "extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). In such cases, the alien must still "file an asylum application within a reasonable period." 8 C.F.R. §§ 1208.4(a)(4)(ii), (a)(5).

Jimenez last entered the United States in 2010 and filed his asylum application in 2018. Jimenez argued before the IJ that his circumstances materially changed in 2012 and 2013, but the IJ concluded that Jimenez's five-year delay in applying for asylum was not reasonable. Jimenez points to no error in this determination and has therefore waived any challenge to it. *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (issues not raised in opening brief are waived).

On appeal to the BIA, Jimenez argued that his father's 2018 filing of a

2

"writ of amparo" and Jimenez's 2018 marriage created materially changed circumstances. The BIA deemed these arguments waived because they were not raised to the IJ, a point the government reiterates in response to the petition for review. We decline to consider this unexhausted claim. 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1112–13 (2023). And to the extent Jimenez disputes the agency's factual determinations regarding his untimely asylum application, we lack jurisdiction to consider these arguments. *Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013) (explaining that in reviewing the application of exceptions to the 1-year time bar, "[o]ur jurisdiction to review mixed questions of law and fact is limited to instances where the underlying facts are undisputed" (quotation omitted)).

2.      Substantial evidence supports the denial of withholding of removal. An alien is eligible for withholding of removal if his "life or freedom would be threatened in [the country of removal] because of [his] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The alien must make this showing by a clear probability. *Zi Lin Chen v. Ashcroft*, 362 F.3d 611, 617 (9th Cir. 2004).

Jimenez does not allege he suffered past harm in Mexico. And although he claims he will likely face future persecution because police have threatened his father in Mexico, the BIA reasonably concluded that it is speculative whether threats to Jimenez's father meant that Jimenez would be harmed, noting that other family members continue to reside safely in Mexico. *See Sharma*, 9 F.4th at 1066

3

("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution.").

The agency also did not violate due process in allegedly failing to consider the writ of amparo that Jimenez's father filed in Mexico. The IJ stated that he considered "all th[e] documents" Jimenez submitted and specifically cited the exhibit that included the writ of amparo. Jimenez has not shown how he was denied "a full and fair opportunity" to present his claim. *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007). Nor has he shown how further consideration of the writ of amparo would have changed the result in his case. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (requiring the alien to show that the "outcome of the proceeding may have been affected by the alleged violation" (quotation omitted)).

3.      Substantial evidence supports the denial of CAT relief. Jimenez has not alleged any past harm rising to the level of torture, and the BIA reasonably concluded that his fear of torture was speculative. The record therefore does not compel the conclusion that Jimenez satisfied his burden for CAT protection. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (holding that an applicant seeking relief under the CAT must establish that he "will more likely than not be tortured with the consent or acquiescence of a public official if removed to h[is] native country").

4.      Citing *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), Jimenez argues that the agency erred in failing to terminate removal proceedings due to

4

Jimenez's allegedly defective Notice to Appear. This argument is foreclosed by precedent. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc); *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020); *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019).[1]

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

[1] The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Dkt No. 9) is otherwise denied as moot.

5